UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLEY GRAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1376** |
| **ANTHONY J. FALTERMAN** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual and Procedural Summary**

   **A.    The Complaint**

The plaintiff, Charley Gray ("Gray"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. §1983 against the Anthony J. Falterman, Assistant District Attorney for St. James Parish seeking damages as a result of his unknowing and involuntary guilty plea.

Specifically, Gray alleges that he entered a plea of guilty to forcible rape after having been charged in St. James Parish with aggravated rape.  He was thereafter sentenced to 40 years in prison. Under a broad reading, Gray now alleges that his plea was not knowing or voluntary because the

defendant herein, Falterman, should have allowed him to enter a plea to sexual battery. He also alleges that his plea was not knowing or voluntary because of ex post facto laws, because of ineffective assistance of counsel, and because the state withheld exculpatory evidence. Gray seeks monetary damages for each day he has spent in confinement under the illegal conviction.

      **B.**     <u>**Gray's Motion to Dismiss (Rec. Doc. No. 6)**</u>

Since the filing of the complaint, Gray has sent two letters to the Court seeking voluntary dismissal of his claims for failure to exhaust state court remedies.[1] He has also countered those letters with two others withdrawing his requests for dismissal.[2] One of his letters has been docketed as a Motion to Dismiss (Rec. Doc. No. 6) based on his failure to exhaust state court remedies. Because the Court finds that his claims must be dismissed as frivolous, the voluntary Motion to Dismiss should be dismissed as moot.

**II.**     <u>**Standard of Review for Frivolousness**</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as

---

[1] Rec. Doc. No. 5, pp. 3-4; Rec. Doc. No. 6.

[2] Rec. Doc. No. 5, pp. 1-2; Rec. Doc. No. 7.

if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

#### A.   The *Heck* Doctrine

Under a broad reading, Gray alleges that his 1997 guilty plea was not knowing or voluntary because the district attorney should have offered him a different lesser-included-offense, specifically sexual battery. He suggests that Falterman should have allowed him to enter his plea to sexual battery rather than forcible rape. He also challenges the constitutionality of the plea and conviction based on ineffective assistance of counsel, withheld exculpatory evidence, and the violation of the ex post facto clause. Because his claims directly challenge the validity of his current confinement, his claims are however barred from review at this time.

Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. *Id*. at 484-85.

In this case, Gray does not allege that his conviction has not been reversed, expunged, or declared invalid. A ruling in this case in his favor on any aspect of his claim that his plea was not knowing and voluntary would necessarily call into question the validity of his present conviction and confinement. The Court cannot consider his § 1983 claims at this time.

Furthermore, although he has not asked this court to release him from his current confinement, his claims, to a certain extent, are sound in habeas corpus. However, this civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Gray must first pursue any such habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding if appropriate.

Therefore, the Court must dismiss, with prejudice, Gray's § 1983 claims challenging the validity of his state court proceedings until such time as the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal with prejudice is appropriate since the right has not yet accrued). His claims are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

In accordance with *Heck*, the court must also consider as an initial matter any applicable doctrines of absolute immunity and improperly named defendants.

**B.** **Claims Against the Assistant District Attorney Falterman**

As outlined above, Gray complains that Falterman erred in the prosecution of his case because he should have allowed Gray to enter a plea to sexual battery rather than to forcible rape. Falterman can not be held liable under § 1983 as a result of his role in the prosecution.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). To determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in Court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Gray's claims against the prosecutor are intimately associated with the judicial phase of the criminal process. His challenge is to the prosecution of the case itself. The defendant is clearly entitled to absolute immunity from suit for his role in prosecuting the charges against Gray, or in this case negotiating a plea to a lesser offense. The claims against Falterman must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an

immune defendant pursuant to § 1915(e)(2) and § 1915A(b).  In addition, Gray's challenges to the propriety of his conviction are also barred by *Heck* as discussed above.

### IV.     Recommendation

It is therefore **RECOMMENDED** that Gray's § 1983 claims against, Anthony Falterman, be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted and/or for seeking monetary relief against a defendant who is immune from such relief pursuant to § 1915(e)(2) and § 1915A.

It is further **RECOMMENDED** that Gray's § 1983 remaining claims specifically challenging the propriety of his conviction and present confinement be **DISMISSED WITH PREJUDICE** as frivolous until such time as the *Heck* conditions are met.

It is further **RECOMMENDED** that Gray's Motion to Dismiss (Rec. Doc. No. 6) based on his failure to exhaust be **DISMISSED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 1st day of May, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**